IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

U.S. BANK NATIONAL ASSOCIATION,

    Plaintiff,

vs.

PETRA PENA, et al.,

    Defendants.

/

No. CIV S-10-0040 MCE DAD PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

On January 6, 2010, defendants Petra Pena and Nicholas Vazquez, proceeding pro se, filed a Notice of Removal of Case No. 09UD05497, an unlawful detainer action, from the Sacramento County Superior Court. Defendants have filed applications to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding has been referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

The court's own records reflect that the defendants previously removed Case No. 09UD05497 from Sacramento County Superior Court on August 21, 2009.[1] See US Bank Nat'l Ass'n v. Vazquez, et al., Case No. CIV S-09-2333 MCE EFB PS (E.D. Cal. 2009). Despite the fact that their first removal action was still pending, defendants filed a second Notice of Removal

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

of Case No. 09UD05497 on October 21, 2009.  See US Bank Nat'l Ass'n v. Pena, et al., Case No. CIV S-09-2936 FCD DAD PS (E.D. Cal. 2009).  By order filed December 9, 2009, defendants' second removal case was dismissed as duplicative of their first removal case.  Defendants' third removal case should also be dismissed as duplicative.

The undersigned is aware that findings and recommendations have been filed in Case No. CIV S-09-2333 MCE EFB PS recommending remand on the grounds that defendants failed to establish complete diversity among the parties, failed to demonstrate that the amount in controversy exceeds $75,000, and filed their notice of removal untimely.[2]  Defendants filed timely objections to those recommendations,[3] and the case is awaiting the decision of the assigned district judge.  Nonetheless, defendants must continue to litigate the appropriateness of their removal of the state court action in Case No. CIV S-09-2333 MCE EFB PS.

For the reasons set forth above, IT IS ORDERED that plaintiff's January 25, 2010 motion for remand (Doc. No. 4) is denied as moot, and the motion is dropped from the court's February 26, 2010 law and motion calendar; denial is without prejudice to renewal if the following recommendations are not adopted; and

IT IS RECOMMENDED that:

1. Defendants' January 6, 2010 motions to proceed in forma pauperis (Doc. Nos. 2 & 3) be denied; and

2. This action be dismissed with prejudice as duplicative of Case No. CIV S-09-2333 MCE EFB PS.

---

[2]  If defendants' first removal action is dismissed in part on the ground of untimely filing, it is evident that this action, filed six months after defendants' first removal, is even less timely.

[3]  The objections filed by defendants in Case No. CIV S-09-2333 reveal that defendant Vazquez is litigating a foreclosure case in this court, Vazquez v. U.S. Bank National Association, et al. Case No. CIV S-09-2143 GEB GGH PS (filed Aug. 3, 2009).  In findings and recommendations filed January 28, 2010, the assigned magistrate judge has recommended that the action be dismissed with prejudice for lack of subject matter jurisdiction and that the court decline to exercise jurisdiction over plaintiff Vazquez's state law claims.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, defendants may file written objections with the court. Any reply shall be filed by plaintiff within seven days after service of objections.

DATED: January 29, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\USBank0040.f&r.ifpden